(December 18, 1990)

■ COMMERCE & INDUSTRY INSURANCE COMPANY, as Subrogee of GOLDSTEIN FOOTWEAR, INC., Appellant, v ADMON REALTY, INC., et al., Respondents. (Action No. 1.) GOLDSTEIN FOOTWEAR, INC., Appellant, v ADMON REALTY, INC., et al., Respondents. (Action No. 2.)—Order, Supreme Court, New York County (Carmen Ciparick, J.), entered on or about October 23, 1989, insofar as it granted defendants' motion for summary judgment and denied plaintiff's cross motion for leave to amend its complaints, unanimously reversed, on the law, the facts, and in the exercise of discretion, the motion for summary judg-

ment denied, the cross motion for leave to file amended complaints granted, and otherwise affirmed, and the matter remanded for further proceedings, without costs.

Plaintiff Commerce & Industry Insurance Company (Commerce) was subrogated to its insured, nominal plaintiff Goldstein Footwear, Inc. (Goldstein), a shoe manufacturer, as a result of payments made to Goldstein for damages resulting from two incidents at its factory, one caused by fire and the other caused by water. Commerce commenced separate actions, naming as defendants in each Adnom Realty, Inc. (Adnom [incorrectly sued as Admon Realty, Inc.]), the building's owner, Concourse Management Co., Inc. (Concourse), the managing agent, and Greenpoint Terminal Warehouse (Greenpoint), which it believed also operated and controlled the building. An unsigned lease, dated June 10, 1981, which named Greenpoint as lessor, was relied upon by Commerce in its complaints. A lease naming Greenpoint as lessor was apparently identified by an officer of Goldstein at a deposition. A similar lease for the same period, initialed by the vice-president of Goldstein, dated July 28, 1981 and naming Concourse as lessor, was submitted by defendants in support of their motion for consolidation and summary judgment. Commerce maintained that it had no prior knowledge of the second lease.

The IAS court granted defendants' motion to consolidate the two actions for the purpose of deciding the motion for summary judgment and cross motion.

Defendants' motion was predicated upon three defenses: first, the naming of Concourse as an "additional insured" on Goldstein's policy of insurance with Commerce which it claimed prohibited Commerce from suing its own insured (*New York Bd. of Fire Underwriters v Trans Urban Constr. Co.*, 91 AD2d 115, 120 [1st Dept 1983], *affd* 60 NY2d 912 [1983]); second, a waiver of the subrogation clause contained in the lease agreement; and third, the absence of any cause of action as to Greenpoint, which was not named on the initialed lease.

Plaintiff's submissions in opposition to summary judgment raised material issues of fact sufficient to defeat the motion. (*Zuckerman v City of New York*, 49 NY2d 557 [1980].)

Plaintiff, citing *New York Bd. of Fire Underwriters v Trans Urban Constr. Co. (supra)*, argues that an insurer may not recover in subrogation against its additional insured. However, the insurer is barred from subrogation only to the extent

of property in which the additional insured has an interest. *(Cf., S.S.D.W. Co. v Brisk Waterproofing Co.,* 76 NY2d 228, 235 [1990]; *Tishman Co. v Carney & Del Guidice,* 36 AD2d 273, *affd* 34 NY2d 941 [1974].) Here, neither the named additional insured, Concourse, nor any of the other defendants had an insurable interest in the damaged goods owned by Goldstein which are the subject of these actions. Furthermore, Concourse is named as an additional insured only in regard to the liability section of the policy. The endorsement naming Concourse as an additional insured, however, limits such coverage to "liability arising out of the ownership, maintenance or use of that part of the premises * * * leased to the named insured." Plaintiff argues that the claim is outside the ambit of the endorsement since it is alleged that damage occurred to plaintiff's property when pipes froze and broke due to a nonfunctioning boiler which is located not in that part of the premises leased to plaintiff, but in another. Plaintiff also alleges that in the other loss a fire was allowed to spread because a sprinkler pump, not located in that part of the premises leased to plaintiff, had been turned off. Thus defendants are not entitled to summary judgment on their "additional insured" argument.

While the lease did contain a waiver of subrogation, by its terms such waiver was conditioned upon "both releasors' insurance policies contain[ing] a clause providing that such a * * * waiver shall not invalidate the insurance". In support of the motion, defendants failed to submit any evidence that the landlord's insurance policy contained such a waiver.

Moreover, dismissal of the complaints as to Greenpoint was premature since two leases were presented. While the lease naming Greenpoint as landlord was unsigned, discovery has yet to be completed. Moreover the initialed lease which was part of the record does not include a final page allegedly containing the signatures of the parties.

Plaintiff should be permitted to amend its complaint to plead breach of lease against Adnom and Concourse Management. (CPLR 3025 [b]; 2001.) Concur—Murphy, P. J., Sullivan, Milonas and Smith, JJ.