■ FEDERAL INSURANCE COMPANY, Appellant, v COMMERCE & INDUSTRY INSURANCE COMPANY, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Beverly S. Cohen, J.), entered on or about December 11, 1991, which, *inter alia,* adjudged and declared that defendant Commerce has no duty to defend, indemnify, or reimburse plaintiff in the underlying action, unanimously affirmed, with costs. The appeal from the order of the same court entered on or about August 29, 1991, which granted defendant's motion for summary judgment pursuant to CPLR 3212, is dismissed as superseded by the appeal from the final judgment.

This is an action between insurers for declaratory judgment as to which is obligated to indemnify a landlord named as an additional insured on a tenant's policy in a subrogation action. The tenant suffered water damage to its property as a result of a roof leak on premises owned by the landlord. The landlord was named as an additional insured on a policy insuring

the tenant's contents in the warehouse. Defendant, which insured the tenant for the contents of the warehouse, paid the loss, and then commenced an action in subrogation against the landlord and its roofing contractor.

Plaintiff now concedes that the rule that an insurer has no right of subrogation against its own insured applies only to the extent of the insured's interest in the property which is the subject of the action (*S.S.D.W. Co. v Brisk Waterproofing Co.*, 76 NY2d 228, 235), and does not dispute that the subrogation action may proceed. To now find that defendant is nevertheless obligated to provide a defense to the very same party which it is suing in subrogation does not accord with common sense. Thus, such an interpretation of the policy was properly rejected by the IAS Court. The only rational interpretation of the policy is that the landlord was afforded liability coverage for third-party actions based on landlord's vicarious liability for the tenant's acts. Concur—Sullivan, J. P., Wallach, Kupferman and Kassal, JJ.