(October 11, 1994)

■ ROYAL INSURANCE COMPANY OF AMERICA, as Subrogee of CHIPP OF NEW YORK, Respondent, v 342 MADISON AVENUE ASSOCIATES, Appellant. [617 NYS2d 297] —Order of the Supreme Court, New York County (Angela Mazzarelli, J.), entered April 20, 1994, denying defendant 342 Madison Avenue's motion for summary judgment, is unanimously reversed, on the law, the motion granted, and the complaint dismissed, with costs and disbursements payable to defendant. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint, with costs.

Plaintiff insurer's subrogor Chipp of New York leased space in a building from defendant. The lease between the parties required Chipp to obtain insurance for the premises covering defendant against liability. Chipp obtained a commercial general liability policy from plaintiff Royal which listed defendant as an additional insured.

There was water damage to Chipp's place of business, which plaintiff paid for pursuant to the policy and for which it seeks to be reimbursed by defendant as the alleged cause of the water damage. The Supreme Court's finding that the endorsement coverage clause was "ambiguous" is erroneous.

As an additional insured, the defendant cannot be sued in subrogation by its own insurance carrier (North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294).

The language of the additional insured endorsement provision is unambiguous and covers defendant for any liability "arising out of the ownership, maintenance or use of the premises". In addition, even assuming one existed, any ambiguity in an insurance contract must be construed more favorably to the insured and strictly against the insurer *(Kyong Nam Chang v General Acc. Ins. Co.,* 193 AD2d 521, 522). Concur—Murphy, P. J., Wallach, Kupferman and Asch, JJ.