■ GLENS FALLS INSURANCE COMPANY et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent, BROOKLYN

NAVY YARD DEVELOPMENT CORP., Respondent-Appellant, et al., Defendant. (And Other Related Titles.) [741 NYS2d 68] —In an action to recover for property damage and for subrogation, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), entered August 16, 1999, as granted those branches of the separate motions of the defendants City of New York and Brooklyn Navy Yard Development Corp. which were for leave to amend their answers to assert counterclaims alleging that the plaintiff Glens Falls Insurance Company was obligated to defend and possibly indemnify them in the instant action and related actions arising from a fire which occurred on October 30, 1992, and denied their cross motion for summary judgment dismissing the fifth, sixth, and seventh affirmative defenses asserted by the defendants City of New York and Brooklyn Navy Yard Development Corp., and (2) from so much of an order of the same court, entered December 15, 2000, as granted those branches of the motion of the defendant Brooklyn Navy Yard Development Corp. and the cross motion of the defendant City of New York which were for summary judgment on the counterclaims asserting that the plaintiff Glens Falls Insurance Company was obligated to defend and possibly indemnify them, and Brooklyn Navy Yard Development Corp. cross-appeals from so much of the order entered August 16, 1999, as denied its cross motion for summary judgment dismissing the complaint based upon the fifth, sixth, and seventh affirmative defenses.

Ordered that the order entered August 16, 1999, is reversed insofar as appealed from, on the law, by (1) deleting the provision thereof granting those branches of the motions of the defendants City of New York and Brooklyn Navy Yard Development Corp. which were for leave to amend their answers to assert counterclaims, and substituting therefor a provision denying those branches of the motions, and (2) deleting the provision thereof which denied those branches of the plaintiffs' cross motion which were to dismiss the fifth, sixth, and seventh affirmative defenses of the defendants Brooklyn Navy Yard Development Corp. and the City of New York, and substituting therefor a provision granting those branches of the cross motion; and it is further,

Ordered that the order entered August 16, 1999, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the order entered December 15, 2000, is vacated; and it is further,

Ordered that the appeal from the order entered December

15, 2000, is dismissed as academic in light of our determination on the appeal from the order entered August 16, 1999; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

On October 30, 1992, a fire at the Brooklyn Navy Yard destroyed the leased premises of the plaintiff New York Modular, Inc. (hereinafter the tenant). The tenant leased the space from the defendants City of New York and Brooklyn Navy Yard Development Corp. (hereinafter the landlords).

Pursuant to a provision in the lease which required the tenant to procure insurance for the benefit of the landlords, the tenant added the landlords as additional insureds to its commercial liability coverage, but not to its property damage coverage. Liability coverage was limited to liability arising from the tenant's operations or premises rented to the tenant. The fire destroyed the entire building, including the tenant's premises. The fire did not start in the tenant's premises, nor was it a result of the tenant's operations. Therefore, the tenant's liability insurance did not cover the loss.

The tenant's insurance carriers also insured the tenant for property damage. The fire loss constituted property damage to the tenant. Therefore, the tenant's insurance carriers compensated the tenant for its loss. In the instant action, the tenant and its insurance carriers seek subrogation against the landlords for the loss.

Since the tenant's liability insurance did not cover the loss, and the landlords were not added to the tenant's property insurance as additional insureds, the tenant's policy does not cover the landlords with respect to the loss. Thus, the antisubrogation rule does not apply (see McGurran v DiCanio Planned Dev. Corp., 216 AD2d 538; Commerce & Indus. Ins. Co. v Admon Realty, 168 AD2d 321).

The landlords' counterclaims, which asserted that the tenant's insurance carrier, Glens Falls Insurance Company, must defend and possibly indemnify the landlords, were plainly without merit. Glens Falls Insurance Company does not cover the landlords with respect to the loss, and has no duty to defend them (see Federal Ins. Co. v Commerce & Indus. Ins. Co., 187 AD2d 278). Similarly, the defendants' fifth affirmative defense asserting the antisubrogation rule should be dismissed.

The defendants' sixth affirmative defense asserts that in the lease, the tenant waived all claims against the landlords for damages to goods, wares, and merchandise. Pursuant to General Obligations Law § 5-321, a lease provision purporting to

hold the landlord harmless for injury to the tenant's property resulting from the landlord's own negligence is unenforceable (*see A to Z Applique Die Cutting v 319 McKibbin St. Corp.*, 232 AD2d 512, 513). Therefore, this affirmative defense should be dismissed.

Similarly, the seventh affirmative defense, which asserts that the tenant breached its obligation to obtain insurance for the landlord, should be dismissed. A landlord cannot avoid the application of General Obligations Law § 5-321 merely by inserting into the lease a requirement that the tenant obtain insurance (*see A to Z Applique Die Cutting v 319 McKibbin St. Corp., supra* at 513-514). Santucci, J.P., Smith, Goldstein and Friedmann, JJ., concur.