■ UTICA MUTUAL INSURANCE COMPANY, Respondent, v WATERTOWN INDUSTRIAL CENTER LOCAL DEVELOPMENT CORPORATION, Appellant, et al., Defendant. [781 NYS2d 392]—

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered July 10, 2003. The order denied the motion of defendant Watertown Industrial Center Local Development Corporation for summary judgment dismissing the complaint against it and for summary judgment on its counterclaim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting judgment in favor of plaintiff as follows:

"IT IS ADJUDGED AND DECLARED that plaintiff is not obligated to defend or indemnify defendant Watertown Industrial Center Local Development Corporation in the underlying action commenced by Cellutech, Inc. and as modified the order is affirmed without costs."

Memorandum: Plaintiff commenced this action as subrogee of its insured, Cellutech, Inc. (Cellutech), which rented premises from defendant Watertown Industrial Center Local Development Corporation (Watertown Industrial). Pursuant to the lease agreement, Watertown Industrial was named as an additional insured on plaintiff's commercial general liability policy issued to Cellutech. After the premises were destroyed by fire, Cellutech made a claim for benefits under the policy and also com-

menced an action against Watertown Industrial and other defendants alleging, inter alia, that Watertown Industrial is liable for the loss of Cellutech's property because Watertown Industrial turned off or otherwise disabled the sprinkler system. Plaintiff paid Cellutech $309,000 on its insurance claim and commenced this subrogated action asserting causes of action against Watertown Industrial for negligence, breach of contract and promissory estoppel. In their answer, defendants asserted a counterclaim for judgment declaring that plaintiff is obligated to defend and indemnify them in the underlying action commenced by Cellutech. Watertown Industrial thereafter moved for summary judgment dismissing the complaint against it, alleging that the action is barred by the antisubrogation rule. In addition, Watertown Industrial sought summary judgment on the counterclaim, seeking judgment declaring that plaintiff is obligated to defend and indemnify it in Cellutech's underlying action. Although we conclude that Supreme Court properly denied the motion, we modify the order to declare the rights of plaintiff and Watertown Industrial with respect to the counterclaim.

The policy endorsement at issue names Watertown Industrial as an additional insured "only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [Cellutech]." Even assuming, arguendo, that such endorsement affords Watertown Industrial coverage for its own alleged negligence in an action brought by Cellutech or its subrogee (*see Royal Ins. Co. of Am. v 342 Madison Ave. Assoc.*, 208 AD2d 389, 389-390 [1994]; *see also Public Serv. Mut. Ins. Co. v Color W. Photo*, 290 AD2d 338 [2002]), we conclude that plaintiff's subrogated claim is excluded from such coverage. The policy expressly excludes from coverage any claim for property damage to property owned by Cellutech or in its care, custody or control. Because plaintiff's subrogated claim is for damage to property falling within one or both of those categories, it is excluded from coverage, and plaintiff's action therefore is not barred by the antisubrogation rule (*see generally North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294 [1993]). Watertown Industrial thus is not entitled to judgment on its counterclaim, and consequently we grant judgment declaring that plaintiff is not obligated to defend or indemnify Watertown Industrial in the underlying action commenced by Cellutech. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.