■ INSURANCE CORPORATION OF NEW YORK, Appellant, v COHOES REALTY ASSOCIATES, L.P., et al., Defendants, and TRAVELERS INDEMNITY OF ILLINOIS, Respondent. [854 NYS2d 815]—

Cardona, P.J. Appeal from an order of the Supreme Court (McNamara, J.), entered March 29, 2007 in Albany County, which granted a motion by defendant Travelers Indemnity of Illinois for summary judgment declaring that defendant Cohoes Realty Associates, L.P. is not an insured under an insurance policy issued to defendant Arcy Plastic Laminates, Inc.

On May 17, 1999, a fire occurred at commercial premises owned by defendant Cohoes Realty Associates, L.P., located in the City of Cohoes, Albany County. Although the exact cause of the fire was not determined, an investigation indicated that the damage was exacerbated due to the failure of the sprinkler system. The fire resulted in damage to various business property used by certain of Cohoes Realty's tenants, including de-

LLC, 37 AD3d 1024, 1026 [2007]; Kitonyi v Albany County, 128 AD2d 1018, 1019 [1987]).

fendant Arcy Plastic Laminates, Inc. At the time of the fire, Arcy was insured by defendant Travelers Indemnity of Illinois (hereinafter defendant) with a policy providing two types of coverage: commercial general liability insurance (hereinafter CGL) and business owners' property insurance. As relevant herein, Cohoes Realty was expressly named on an endorsement to Arcy's CGL coverage as an "additional insured," but not named to any extent under Arcy's business property coverage.

Following defendant's payment of some of Arcy's claims for property damage and business interruption pursuant to the business owners' property insurance coverage, Arcy, along with other tenants whose property was damaged in the fire, commenced a negligence action against Cohoes Realty, citing the defective sprinkler system, to recover damages not reimbursed by insurance. Defendant then brought a separate subrogation action against Cohoes Realty seeking reimbursement of the damages paid to Arcy under its policy. These actions were consolidated and later settled, subject to a stipulation that, among other things, plaintiff, Cohoes Realty's liability insurer, reserved the right to litigate certain issues related to defendant's policy. In connection with that stipulation, plaintiff commenced this action seeking, among other things, a judgment declaring that, due to Cohoes Realty's status as an additional insured under Arcy's CGL coverage, defendant was not permitted to sue Cohoes Realty in subrogation. Furthermore, plaintiff sought a ruling that defendant was obligated to reimburse plaintiff and/or share in the costs of defending and indemnifying Cohoes Realty in the actions brought against it by defendant, Arcy and the other tenants. Defendant's motion for summary judgment was granted and a declaration that Cohoes Realty was not its insured was issued, prompting this appeal.

Initially, we conclude that, since Cohoes Realty was only an additional insured under Arcy's CGL coverage and not named under its business owners' property coverage, Supreme Court properly held that defendant had no duty to defend herein (*see Glens Falls Ins. Co. v City of New York*, 293 AD2d 568, 570 [2002], *lv dismissed* 98 NY2d 764 [2002]; *Federal Ins. Co. v Commerce & Indus. Ins. Co.*, 187 AD2d 278, 278-279 [1992], *lv denied* 81 NY2d 710 [1993]). We do not agree with plaintiff's contention that Cohoes Realty was entitled to a defense based upon the language of the "Additional Insured-Managers or Lessors of Premises" endorsement to Arcy's CGL coverage. Notably, not only does the CGL portion of Arcy's policy exclude property owned by the insured from its coverage (*see Utica Mut. Ins. Co. v Watertown Indus. Ctr. Local Dev. Corp.*, 9 AD3d 836, 837

[2004]), but the endorsement cited by plaintiff provides that, as an additional insured, plaintiff was covered "only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [Arcy]." Contrary to plaintiff's argument, it is apparent that this language only refers to liability stemming from third-party actions, not any potential liability of the landlord or property owner (*see generally ZKZ Assoc. v CNA Ins. Co.*, 89 NY2d 990, 991 [1997]; *New York Convention Ctr. Operating Corp. v Cerullo World Evangelism*, 269 AD2d 275, 276 [2000]; *Maggio v Frank Mercogliano, Inc.*, 262 AD2d 612, 613 [1999]; *see also Federal Ins. Co. v Commerce & Indus. Ins. Co.*, 187 AD2d at 278 [holding that it "does not accord with common sense" to require an insurer to defend the same party it is suing in subrogation]). Consequently, since Arcy's CGL policy did not cover Cohoes Realty under the subject circumstances, nor was there a reasonable expectation of such coverage, no factual issues regarding a duty to defend, or indemnify, on the part of defendant were presented (*see Glens Falls Ins. Co. v City of New York*, 293 AD2d at 570).

Next, we find unavailing plaintiff's interrelated argument that, given Cohoes Realty's status as an additional insured under Arcy's CGL coverage, defendant is estopped pursuant to the antisubrogation rule from seeking reimbursement for the damages that defendant already paid to Arcy. Notably, the antisubrogation rule prevents an insurer from commencing a suit against its own insured arising out of the risk for which the insured was covered (*see Dominion Ins. Co., Ltd. v State of New York*, 305 AD2d 779, 781 [2003]; *see also Lodovichetti v Baez*, 31 AD3d 718, 719 [2006]). Here, since Arcy's CGL insurance did not cover the subject loss and Cohoes Realty was not added to the business owners' property insurance, Cohoes Realty cannot be considered defendant's "insured" herein and the antisubrogation rule is simply inapplicable (*see Glens Falls Ins. Co. v City of New York*, 293 AD2d at 570).

We find similarly lacking in merit plaintiff's contention that a "waiver of subrogation" clause in the lease agreement between Cohoes Realty and Arcy bars defendant from seeking subrogation herein. As pointed out by Supreme Court, issues concerning the interpretation of the terms of Arcy's lease with Cohoes Realty were not preserved in the parties' stipulation. In any event, irrespective of the stipulation, the record does not support plaintiff's argument that questions of fact as to waiver exist. Not only does it appear that a condition in the lease required for waiver of subrogation to occur was not met (*see e.g. Commerce & Indus. Ins. Co. v Admon Realty*, 168 AD2d 321, 323

[1990]; *Harlington Realty Corp. v S.L.G. Discount Corp.*, 162 AD2d 176, 177 [1990]), plaintiff failed to assert that waiver of subrogation was properly pleaded as an affirmative defense in the pleadings (*see e.g. F.G.L. Knitting Mills v 1087 Flushing Prop.*, 191 AD2d 533 [1993]).

The remaining issues raised by plaintiff, including its claim that summary judgment was prematurely granted, have been examined and found to be unpersuasive.

Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.