■ UTICA MUTUAL INSURANCE COMPANY, as Subrogee of ARES PRINTING & PACKAGING CORP., Appellant, v BROOKLYN NAVY YARD DEVELOPMENT CORP. et al., Respondents, et al., Defendant. [861 NYS2d 724]—

In a subrogation action to recover damages for injury to property and breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated October 13, 2006, as granted the motion of the defendants Brooklyn Navy Yard Development Corp. and City of New York for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Brooklyn Navy Yard Development Corp. and City of New York for summary judgment dismissing the complaint insofar as asserted against them is denied.

On August 14, 2003 premises leased by the tenant Ares Printing & Packaging Corporation (hereinafter Ares) on the fifth floor of a building at the Brooklyn Navy Yard (hereinafter BNY),

which is managed by the defendant Brooklyn Navy Yard Development Corp. (hereinafter BNYDC) and owned by the defendant City of New York, allegedly sustained damage when a water pipe suspended from the ceiling of the leased premises burst. Pursuant to the terms of its lease, Ares named BNYDC and the City (hereinafter together the defendants) as additional insureds under a commercial general liability insurance policy (hereinafter the liability policy) that it obtained from the plaintiff Utica Mutual Insurance Company (hereinafter Utica). Specifically, the defendants were named as additional insureds under the liability policy "only with respect to liability arising out of the ownership, maintenance or use of that premises leased to [Ares]." The defendants were not named as additional insureds under Ares' separate commercial property policy (hereinafter the property damage policy), also obtained from Utica. After the incident of August 14, 2003, Ares submitted a claim to Utica under its property damage policy for property damage and business losses, and Utica allegedly paid to Ares a sum in excess of $2,500,000 for those losses.

Thereafter, Utica, as the first-party property insurer and subrogee of Ares, commenced this action against the defendants, among others, for subrogation, asserting that the defendants were responsible for Ares' loss and the resulting damages that Utica itself sustained. After joinder of issue and completion of discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them, arguing, inter alia, that the antisubrogation doctrine barred the action since they were additional insureds under the liability policy. The Supreme Court granted the motion on the ground that the antisubrogation doctrine barred the action. We reverse.

Subrogation is an equitable doctrine that allows an insurer to " 'stand in the shoes' of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse" (*North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294 [1993]; *see Dillion v Parade Mgt. Corp.*, 268 AD2d 554, 555 [2000]). The antisubrogation doctrine prohibits an insurer from commencing a subrogation action against its own insured for a claim arising from the very risk for which the insured was covered (*see North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d at 294; *American Ref-Fuel Co. of Hempstead v Resource Recycling*, 307 AD2d 939, 942 [2003]).

In support of their motion, the defendants failed to establish, prima facie, that Utica paid Ares' claim solely pursuant to the liability policy, under which the defendants are named as ad-

ditional insureds. Accordingly, because the defendants did not tender proof foreclosing the possibility that Utica properly covered Ares pursuant to the property damage policy, under which the defendants are not named as additional insureds, they failed to establish as a matter of law that the antisubrogation doctrine barred this action (*see North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d at 294; *Insurance Corp. of N.Y. v Cohoes Realty Assoc., L.P.*, 50 AD3d 1228 [2008]; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The defendants' failure to make such a prima facie showing requires a denial of their motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of our determination, we need not reach the parties' remaining contentions. Florio, J.P., Miller, Dillon and McCarthy, JJ., concur.