■ VBH Luxury, Incorporated, Plaintiff, v 940 Madison Associates LLC, Defendant/Third-Party Plaintiff-Appellant. Excelsior Insurance Company, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [922 NYS2d 294]—

Judgment (denominated an order), Supreme Court, New York County (Debra A. James, J.), entered August 24, 2010, declaring that third-party plaintiff's claims are excluded from coverage under the policy issued by third-party defendant Excelsior Insurance Company, unanimously reversed, on the law, without costs, the declaration vacated, and it is declared that third-party plaintiff's claims are not excluded from coverage under the policy.

The parties agree that by its terms the policy's contractual liability exclusion does not apply to "insured contracts," which include leases, and that, since the liability here arises from a lease, it is not subject to the contractual liability exclusion. Nor, contrary to Excelsior's contention, are third-party plaintiff's claims subject to exclusion from coverage as "insured versus

insured" claims, since there is no express exclusion in the policy for claims between the insured tenant (plaintiff) and the additional insured landlord (defendant/third-party plaintiff) (*see Royal Ins. Co. of Am. v 342 Madison Ave. Assoc.*, 208 AD2d 389, 390 [1994]; *see also Trustees of Princeton Univ. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 52 AD3d 247, 247 [2008], *lv dismissed* 11 NY3d 847 [2008] [noting policy's "insured versus insured" exclusion]). Concur—Andrias, J.P., Saxe, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ.