[963 NE2d 785, 940 NYS2d 208]

VBH LUXURY, INCORPORATED, Plaintiff, v 940 MADISON ASSOCI-ATES LLC, Defendant and Third-Party Plaintiff-Respondent. EXCELSIOR INSURANCE COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendant.

Decided February 14, 2012

APPEARANCES OF COUNSEL

*Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, New York City (*Richard E. Lerner* and *Judy C. Selmeci* of counsel), for third-party appellant.

*Baker & Hostetler LLP*, New York City (*David Einhorn* of counsel), for third-party respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, the judgment of Supreme Court reinstated, and the certified question answered in the negative.

Third-party plaintiff landlord 940 Madison Associates LLC is an additional insured under a commercial general liability policy issued by third-party defendant Excelsior Insurance Company to plaintiff tenant VBH Luxury, Inc. "only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [tenant]." Although landlord would be entitled to a defense in an action commenced against it by a third party for an injury suffered on the leased premises (*see ZKZ Assoc. v CNA Ins. Co.*, 89 NY2d 990, 991 [1997]), the policy does not provide coverage for liability to its co-insured for damage to property owned, rented, or occupied by the insured (*see Insurance Corp. of N.Y. v Cohoes Realty Assoc., L.P.*, 50 AD3d 1228, 1229-1230 [3d Dept 2008]; *Utica Mut. Ins. Co. v Watertown Indus. Ctr. Local Dev. Corp.*, 9 AD3d 836, 837 [4th Dept 2004], *lv denied* 11 AD3d 1053 [4th Dept 2004]). Thus, Excelsior was not obligated to defend landlord in the underlying action.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, etc.