Egan Jr., J.
Appeal from an order of the Supreme Court (O’Shea, J), entered June 6, 2012 in Chemung County, which denied Erie Insurance Company’s motion to sever its property damage subrogation claim from plaintiffs’ personal injury action.
In December 2005, plaintiffs and their two children resided in a home located at 714 Fox Street in the Village of Horseheads, Chemung County, and plaintiff Kenneth E. Peterson, an auto mechanic, operated a business next door known as Pete’s Garage. At approximately 5:00 a.m. on December 10, 2005, while the family was asleep in the residence, plaintiffs’ home exploded due to a natural gas leak, causing serious injuries to plaintiffs and their two children and the death of the family pets. In addition, Pete’s Garage was destroyed and approximately 20 surrounding properties sustained various degrees of damage. At the time of the explosion, Pete’s Garage was covered under an insurance policy issued by Erie Insurance Company and, at some point not disclosed by the record, Erie paid its insured approximately $50,000 for damages sustained to the garage and an insured vehicle located therein.
In October 2006, plaintiffs commenced this action against defendants seeking to recover for the personal injuries sustained in the blast. Shortly before the matter was scheduled for trial, Erie, which had neither commenced its own action against defendants nor sought to intervene in plaintiffs’ action, moved to sever what it denominated as its subrogation claim from plaintiffs’ personal injury claim. After plaintiffs and defendants settled the underlying action, Supreme Court denied Erie’s application, concluding that Erie did not in fact have a subrogation claim to sever. Erie now appeals.
We affirm. “Subrogation is an equitable doctrine that allows an insurer to stand in the shoes of its insured to seek indemnification from third parties whose wrongdoing has caused a loss *1030 for which the insurer is bound to reimburse” (Utica Mut. Ins. Co. v Brooklyn Navy Yard Dev. Corp., 52 AD3d 821, 822 [2008] [internal quotation marks and citation omitted]; see Allstate Ins. Co. v Stein, 1 NY3d 416, 422 [2004]). To that end, an insurer seeking to enforce its right of subrogation generally has two options — “the insurer can bring an independent action against the wrongdoer in the name of its insured, the subrogor, or seek to intervene in an existing action between the insured and the wrongdoer” (Rink v State of New York, 27 Misc 3d 1159, 1163 [2010], affd 87 AD3d 1372 [2011]).* Neither path was pursued by Erie here; rather, Erie sought to use plaintiffs’ personal injury complaint “as a vehicle to assert [its] subrogation theory against . . . defendants.”
As Supreme Court aptly observed, the principal flaw in Erie’s methodology is that although plaintiffs’ complaint indeed recites that plaintiffs’ home exploded as a result of the natural gas leak, that pleading makes absolutely no reference to the property damage sustained to Pete’s Garage, nor does it “plead or otherwise spell out that damages are being sought for [the] property damage/loss” sustained thereto. Additionally, there is nothing in the record to suggest that plaintiffs’ complaint was amended to include a property damage claim for the business premises or that Erie sought to intervene in plaintiffs’ personal injury action. Notably, it was not until service of plaintiffs’ amended bill of particulars in November 2011 — more than five years after service of plaintiffs’ complaint — that any mention was made of the sums paid by Erie for the loss of Pete’s Garage and/or Erie’s intention to pursue a subrogation claim against defendants for such moneys. In this regard, “[i]t is well settled that a bill of particulars is intended to amplify the pleadings, limit the proof, and prevent surprise at trial. . . . Whatever the pleading pleads, the bill must particularize .... A bill of particulars may not be used to allege a new theory not originally asserted in the complaint” (Darrisaw v Strong Mem. Hosp., 74 AD3d 1769, 1770 [2010], affd 16 NY3d 729 [2011] [internal quotation marks and citations omitted]; see generally Lopez v New York City Hous. Auth., 16 AD3d 164, 165 [2005] [assertions set forth in bill of particulars “go beyond mere amplification and are instead new, distinct and independent theories of liability]; Cippitelli v Town of Niskayuna, 203 AD2d 632, 634 [1994] [supplemental bill of particulars set forth new theory of *1031 liability of which the defendant had no prior notice]; March v St. Volodymyr Ukranian Catholic Church, 117 AD2d 864, 866 [1986] [defendant not provided with notice of damages claim until service of supplemental bill of particulars]). Finally, Erie’s mistaken belief that plaintiffs’ complaint was sufficiently broad to encompass its subrogation claim does not afford a basis for the relief that Erie now seeks. Accordingly, we agree with Supreme Court that, inasmuch as Erie failed to properly assert a subrogation claim in the first instance, it had no claim to sever. Erie’s remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.
McCarthy, J.E, Garry and Rose, JJ., concur.
Ordered that the order is affirmed, with costs.

 Although this Court has limited an insurer’s right to intervene in certain circumstances (see Berry v St. Peter’s Hosp. of City of Albany, 250 AD2d 63, 66-69 [1998], lv dismissed 92 NY2d 1045 [1999]), such circumstances are not present here.