■ 87-10 51st AVENUE OWNERS CORPORATION, Respondent, v STEADFAST INSURANCE COMPANY et al., Appellants. [835 NYS2d 295]—

In an action, inter alia, for a judgment declaring the rights of the parties under a policy of insurance, the defendants appeal from an order of the Supreme Court, Queens County (Agate, J.), entered February 28, 2006, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed, on the law, with costs, and the motion to dismiss the complaint is granted.

The plaintiff owns and manages a cooperative apartment building in Queens. It entered into an agreement to lease interior and roof space to a nonparty, Nextel of New York, Inc. (hereinafter Nextel), for the maintenance of telecommunications equipment. The agreement required Nextel to procure insurance and to name the plaintiff as an additional insured. Nextel purchased a general commercial liability policy from the defendants. After the plaintiff's building was damaged by rain that penetrated the roof, the plaintiff commenced this action against the defendants, among other things, for a judgment declaring the rights of the parties under the policy of insurance, that Nextel was negligent in the happening of the accident, and for payment on the policy as an additional insured thereunder. The Supreme Court denied the defendants' motion to dismiss the complaint. We reverse.

On a motion to dismiss a pleading for failure to state a cause of action, the "pleading is to be liberally construed, accepting all of the facts alleged therein to be true, and according the allegations the benefit of every possible favorable inference" (*Klein v Gutman,* 12 AD3d 348, 351 [2004] [internal quotation marks omitted]; *see Maric Piping v Maric,* 271 AD2d 507 [2000]). In relevant part, the policy at issue limits the defendants' liability to Nextel to those sums that Nextel becomes legally obligated to pay as property damage arising from a covered event. Here, the plaintiff did not allege that Nextel had been found legally obligated to pay any of the damages alleged (*cf.* Insurance Law § 3420; *Lang v Hanover Ins. Co.,* 3 NY3d 350 [2004]). Rather, Nextel's liability, if any, is being litigated in a direct action entitled *Nextel of New York, Inc. v 87-10 51st Avenue Owners Corporation,* pending in the Supreme Court, Queens County, under index No. 6398/2004. The plaintiff did not otherwise allege any basis in the policy for the relief sought, even if it was an additional insured thereunder (*see Pecker Iron Works of N.Y. v Traveler's Ins. Co.,* 99 NY2d 391 [2003]). Thus, the complaint should have been dismissed. Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.