■ ERIE INSURANCE GROUP et al., Appellants, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Respondent, et al., Defendants. [883 NYS2d 601]—

Kane, J. Appeal from an order of the Supreme Court (Kramer, J.), entered July 25, 2008 in Schenectady County, which, among other things, granted a motion by defendant National Grange Mutual Insurance Company to dismiss plaintiffs' first cause of action.

Defendant Martin McClary subcontracted with the general contractor, plaintiff Pine Ridge Log Homes, Inc., to do foundation work for the construction of a home. McClary was insured by defendant National Grange Mutual Insurance Company (hereinafter NGM). McClary's employee, defendant Michael P. Giblin, commenced an underlying personal injury action after he lost an eye while working on the project (see *Giblin v Pine Ridge Log Homes, Inc.*, 42 AD3d 705 [2007]). Pine Ridge and its insurer, plaintiff Erie Insurance Group, commenced this action seeking a declaration that NGM was required to defend and indemnify Pine Ridge in the underlying action. Specifically, plaintiffs allege that McClary entered into an oral contract with Pine Ridge to name Pine Ridge as an additional insured under his policy issued by NGM.

Prior to answering, NGM moved to dismiss the complaint based upon documentary evidence (see CPLR 3211 [a] [1]), arguing that Pine Ridge was not insured under McClary's policy. Plaintiffs cross-moved for summary judgment against NGM. Supreme Court granted NGM's motion to dismiss the complaint against NGM, denied the cross motion and declared that Pine Ridge is not an additional insured under NGM's insurance policy issued to McClary.[1] On plaintiffs' appeal, we affirm.

While "[u]nder CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Weston v Cornell*

---

1. The complaint also contained a second cause of action alleging breach of contract against McClary and seeking to have him indemnify Pine Ridge if NGM does not do so. That cause of action was not dismissed by Supreme Court and is not at issue on appeal.

*Univ.*, 56 AD3d 1074, 1075 [2008]), plaintiffs cross-moved for summary judgment, permitting the court to grant judgment to any party (*see* CPLR 3212 [e]).[2] NGM was entitled to dismissal of the complaint against it based upon undisputed facts and the language of the insurance policy.

A portion of the insurance policy issued by NGM to McClary stated, "Each of the following is added as an Additional Insured . . . [a]ny general contractor, subcontractor or owner for whom you are required to add as an additional insured on this policy under a written construction contract or agreement where a certificate of insurance showing that person or organization as an additional insured has been issued and received by [NGM] prior to the time of loss." This provision is ambiguous (*compare Superior Ice Rink, Inc. v Nescon Contr. Corp.*, 52 AD3d 688, 691 [2008]; *Travelers Indem. Co. of Am. v Royal Ins. Co. of Am.*, 22 AD3d 252, 253 [2005]). One possible reading of the provision is that the construction contract or agreement to list someone as an additional insured must be in writing, and a certificate of insurance listing that person or organization must be issued and received by NGM prior to the loss-inducing incident. The provision could also be read as containing two alternate ways of including a person or organization as an additional insured: if a written construction contract so requires, regardless of whether NGM is ever notified; or if any agreement—oral or written—so requires and a certificate of insurance listing that person or organization is received by NGM prior to the loss-inducing incident. Despite this ambiguity, and the rule that any ambiguity in an insurance contract is resolved against the insurer (*see Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 NY2d 334, 340 [2000]), NGM must prevail here.

Regardless of which interpretation is used, the policy's contractual requirements have not been satisfied so as to include Pine Ridge as an additional insured. The record does not contain a written contract or agreement between McClary and Pine Ridge. Nor did anyone introduce a certificate of insurance listing Pine Ridge as an additional insured, let alone proof that such a certificate was sent to or received by NGM. In fact, NGM's employee affirmed that no such certificate was ever received. Under the first reading of the policy provision above, plaintiffs cannot prevail because the agreement between Pine Ridge and McClary was not in writing and no pertinent certificate of insurance was issued or received by NGM. Under the

---

**2.** While a motion for summary judgment is premature when filed before joinder of issue (*see* CPLR 3212 [a]; *Roche v Claverack Coop. Ins. Co.*, 59 AD3d 914, 916 [2009]), no party complained of this procedural defect.

second reading, the first alternative is not met due to the lack of a written contract or agreement and the second alternative is not met due to the lack of the required certificate of insurance. Although the documentary evidence alone was insufficient to conclusively establish a defense, the record evidence supports a grant of summary judgment dismissing the complaint as against NGM and declaring that Pine Ridge is not an additional insured under the insurance policy at issue.

Cardona, P.J., Peters, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with costs.