■ SUS, Inc., Doing Business as Sangiovese Restaurant, et al., Respondents, v St. Paul Travelers Group et al., Appellants, et al., Defendant. [905 NYS2d 321]—

Peters, J.P. Appeal from an order of the Supreme Court (Cahill, J.), entered May 19, 2009 in Ulster County, which, among other things, partially denied certain defendants' motion to dismiss the amended complaint.

Plaintiff SUS, Inc. owned and operated the Sangiovese Restaurant in the Town of Pine Bush, Ulster County, and leased the property from plaintiff New Prospect Properties, LLC. In 2008, a fire completely destroyed the restaurant, including the building and its contents. At the time of the fire, SUS had an insurance policy providing commercial general liability (hereinafter CGL) insurance and businessowners' property insurance coverage. New Prospect was expressly named as an "[a]dditional [i]nsured" on an endorsement to SUS's CGL coverage, but was not named under SUS's business property coverage.

After certain claims made by plaintiffs under the policy were denied, they commenced the instant action against, among others, defendants St. Paul Travelers Group, Travelers Indemnity Company, Travelers Indemnity Company of America, St. Paul Travelers Companies, Inc., St. Paul Fire and Marine Insurance Company and Charter Oak Fire Insurance Company (hereinafter collectively referred to as the Travelers defendants). The Travelers defendants thereafter moved, pursuant to CPLR 3211 (a) (1) and (7), to dismiss the complaint except as against Charter Oak, alleging that none of the other Travelers defendants were insuring companies under the policy. They also sought to dismiss any claims for damage to the building itself as not covered under the policy, and to remove Sangiovese Restaurant and New Prospect as plaintiffs. Supreme Court granted that portion of the motion which sought removal of Sangiovese Restaurant as a plaintiff, and otherwise denied the motion. The Travelers defendants now appeal.

At this procedural point in the litigation, we afford the complaint a liberal construction, accept the facts alleged therein as true and give plaintiffs the benefit of every possible favorable inference (*see Hurrell-Harring v State of New York*, 15 NY3d 8, 20 [2010]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Lazic v Currier*, 69 AD3d 1213, 1213-1214 [2010]). "When the motion to dismiss is premised upon documentary evidence, 'such motion may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's allegations, conclusively establishing a defense as a matter of law' " (*Crepin v Fogarty*, 59 AD3d 837, 838 [2009], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Erie Ins. Group v National Grange Mut. Ins. Co.*, 63 AD3d 1412, 1413 [2009]). Where, as

here, we are called upon to determine whether a contract's provisions are ambiguous, we must determine "as a matter of law whether they lack a definite and precise meaning and provide a reasonable basis for a difference of opinion" (*Weston v Cornell Univ.*, 56 AD3d 1074, 1075 [2008] [internal quotation marks and citations omitted]; *see Pozament Corp. v AES Westover, LLC*, 27 AD3d 1000, 1001 [2006]; *CV Holdings, LLC v Artisan Advisors, LLC*, 9 AD3d 654, 656 [2004]).

The Travelers defendants argue that the complaint must be dismissed except as against Charter Oak because the policy's clear and unambiguous language provides that only Charter Oak, and none of the other Travelers defendants, issued the policy. In support of the motion, defendants proffered the applicable insurance policy together with the "Businessowners Property Coverage Special Form" and additional insured endorsements. Both the Common Policy Declarations and Businessowners Coverage Part Declarations plainly list Charter Oak as the "[i]nsuring [c]ompany." Furthermore, the "Common Policy Conditions" portion of the policy expressly provides, under the section entitled "Insuring Companies," that "[i]n return for payment of the premium, *we* agree with the Named Insured to provide the insurance afforded by a Coverage Part forming part of this policy. *That insurance will be provided by the company indicated as insuring company in the Common Policy Declarations.* . . The companies listed below . . . have executed this policy" (emphasis added). Three of the six Travelers defendants, including Charter Oak, are listed below that language.

Despite plaintiffs' contention to the contrary, we cannot conclude that the word "we" in the first sentence of the aforementioned provision is ambiguous. Although plaintiffs suggest that the term "we" could reasonably be interpreted to mean that "the companies listed below" agreed to provide the insurance, the policy explicitly provides that, throughout the policy, "[t]he words 'we,' 'us' and 'our' refer to the Company providing this insurance." As is plainly set forth in the declarations pages under the heading "[i]nsuring [c]ompany," Charter Oak is the only party providing the insurance. Given that the policy clearly and unambiguously provides that Charter Oak is the only party providing the insurance,[1] the complaint should have been dismissed against all of the other Travelers defendants.

---

**1.** That the word "Travelers" and its logo appear at the top of the declarations pages and certain portions of the policy are copyrighted by one of the Travelers defendants does not serve to create an ambiguity where no other exists.

While plaintiffs also claim that the Travelers defendants may be held liable for the conduct of their wholly owned subsidiary, Charter Oak, it is well settled that "such liability can never be predicated solely upon the fact of a parent corporation's ownership of a controlling interest in the shares of its subsidiary" (*Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163 [1980]; *see Daniels v Zelco, Inc.*, 159 AD2d 538, 540 [1990]). Rather, "there must be direct intervention by the parent in the management of the subsidiary to such an extent that the subsidiary's paraphernalia of incorporation, directors and officers are completely ignored" (*Billy v Consolidated Mach. Tool Corp.*, 51 NY2d at 163 [internal quotation marks and citation omitted]; *see Horowitz v Aetna Life Ins.*, 148 AD2d 584, 586 [1989]). Since plaintiffs have neither alleged nor submitted any facts indicating that the other Travelers defendants exercised such a level of dominion and control over Charter Oak, there is no basis upon which to predicate liability against them (*see Mitchell v TAM Equities, Inc.*, 27 AD3d 703, 708 [2006]; *Lipton v Unumprovident Corp.*, 10 AD3d 703, 705 [2004]; *Baratta v Kozlowski*, 94 AD2d 454, 456 [1983]).

We also agree with the Travelers defendants that any claims under the policy by New Prospect, the landlord and owner of the premises, must be dismissed because New Prospect is not named to any extent under SUS's businessowners' property coverage (*see Insurance Corp. of N.Y. v Cohoes Realty Assoc., L.P.*, 50 AD3d 1228, 1229-1230 [2008]; *Gap, Inc. v Fireman's Fund Ins. Co.*, 11 AD3d 108, 111 [2004]). Although New Prospect is named as an "additional insured" under SUS's CGL coverage, the standard CGL policy—like the one at issue here—does not cover damage to property owned by the insured, but rather provides coverage for liability to third parties pursuant to a judgment or settlement (*see Gap, Inc. v Fireman's Fund Ins. Co.*, 11 AD3d at 111; *see also Great N. Ins. Co. v Mount Vernon Fire Ins. Co.*, 92 NY2d 682, 688 [1999]). No such third-party liability claims are being asserted here.[2] Since New Prospect is not named under SUS's businessowners' property coverage and its status as an additional insured under the CGL policy does not entitle it to any coverage in this first-party liability claim, any claims asserted by New Prospect must be dismissed.

Finally, we agree with the Travelers defendants that the policy

---

2. Indeed, the endorsement to the CGL coverage specifically provides that, as an additional insured, New Prospect was covered "only with respect to liability arising out of [SUS's] ongoing operations performed for [New Prospect] at the location designated above; or [a]cts or omissions of [New Prospect] in connection with [its] general supervision of such operations."

provides no coverage for damage to the building itself and, therefore, SUS's claims for any such damage must be dismissed. The policy's "Businessowners Property Coverage Special Form" provides coverage for "Covered Property"—which includes "[b]usiness [p]ersonal [p]roperty," and "[b]uilding, meaning the building or structure described in the Declarations"—"if a Limit of Insurance is shown in the Declarations *for that type of property*" (emphasis added). While the "Businessowners Declarations" sets forth a limit of insurance for "Business Personal Property" and other coverage extensions, such as accounts receivable and fine arts, no limit of insurance is shown for the building. As such, we find that the subject building is not covered under the clear language of the businessowners' property coverage part of the policy. Furthermore, for the reasons previously discussed, the CGL portion of the declarations— which provides a limit of insurance of $300,000 for "Damage to Premises Rented to You"—is not applicable to SUS's first-party liability claim for damage to the building. In that regard, the CGL coverage expressly limits the insurer's liability to SUS to those sums that SUS becomes legally obligated to pay as property damage arising from a covered event, and there is no allegation that SUS had been found legally obligated to pay any of the damages alleged (*see 87-10 51st Ave. Owners Corp. v Steadfast Ins. Co.*, 39 AD3d 700, 701 [2007]). For these reasons, Supreme Court should have dismissed all claims by SUS seeking recovery for damage to the building.

Rose, Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants St. Paul Travelers Group, Travelers Indemnity Company, Travelers Indemnity Company of America, St. Paul Travelers Companies, Inc., St. Paul Fire and Marine Insurance Company and Charter Oak Fire Insurance Company to (1) dismiss the complaint against all said defendants except Charter Oak Fire Insurance Company, (2) dismiss all claims for damage to the building itself, and (3) dismiss all claims asserted by plaintiff New Prospect, LLC; motion granted to said extent; and, as so modified, affirmed.