■ Vineyard Sky, LLC, et al., Respondents, v Ian Banks, Inc., Defendant, Everest National Insurance Company, Respondent, and PCF State Restoration, Inc., et al., Appellants. Everest National Insurance Company, Third-Party Plaintiff-Respondent, v Thomas Melone, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [999 NYS2d 369]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered October 4, 2013, which, to the extent appealed from, denied defendants PCF State Restoration, Inc. (PCF) and En-

durance American Insurance Company's (Endurance) motion to dismiss the second, sixth, seventh and eighth causes of action sounding in breach of contract, unanimously modified, on the law, to dismiss the sixth through eighth causes of action, and otherwise affirmed, without costs.

Plaintiffs, property owners that are alleged additional insureds under a commercial general liability policy (CGL) issued by Endurance to PCF, a roofing subcontractor that performed work at plaintiffs' property, have no right to coverage under the policy for losses resulting from water damage to the property allegedly caused by PCF's failure to adequately cover the building's roof, allowing heavy rains to infiltrate the upper floors of the building. The CGL policy provides coverage for claims brought by third parties; it does not provide first-party coverage for damage to plaintiffs' own property (*see Gap, Inc. v Fireman's Fund Ins. Co.*, 11 AD3d 108 [1st Dept 2004]; *SUS, Inc. v St. Paul Travelers Group*, 75 AD3d 740 [3d Dept 2010]).

Additionally, the CGL policy explicitly excludes coverage for any damage to plaintiffs' property that is attributable to PCF's construction operations (*see generally Renaissance Art Invs., LLC v AXA Art Ins. Corp.*, 102 AD3d 604 [1st Dept 2013]). Plaintiffs cannot avoid the policy language by attempting to recast themselves as intended third party beneficiaries. To the extent plaintiffs argue that they are entitled to indemnification and contribution because they were assigned the rights of their construction manager, defendant Ian Banks, Inc. (IBI), under the CGL policy, their argument is unavailing. Endurance denied coverage to IBI on the ground that plaintiffs' claimed damages arose from PCF's actions and/or inactions and IBI never challenged Endurance's position on the denial of coverage. Moreover, to the extent IBI settled with plaintiffs on the water damage claim, the policy required Endurance's signature on the settlement together with a release of its liability before it would be bound by the settlement and nothing in the record indicates that Endurance authorized the settlement. Accordingly, plaintiffs may not maintain a direct action against Endurance absent proof that they obtained a judgment against PCF, the insured (*see* Insurance Law § 3420). Plaintiffs' sixth, seventh and eighth causes of action against Endurance must therefore be dismissed.

The portion of the motion seeking dismissal of plaintiffs' second cause of action for breach of contract based on PCF's failure to pay for losses and damages resulting from the failure to adequately cover the building's roof during the renovation

was properly denied. The allegations, along with the submission of a sworn affirmation from plaintiffs' attorney/managing agent, and an insurance letter indicating that there is a factual basis for potentially finding, inter alia, the functional equivalent of privity between PCF and plaintiffs, and that plaintiffs were covered by the hold harmless provisions in the PCF subcontract, were not conclusively refuted by the documentary evidence.

We have considered the parties' remaining arguments and find that they are either unpreserved or unavailing. Concur— Friedman, J.P., Acosta, Moskowitz, Richter and Clark, JJ. ■