Mt. Hawley Ins. Co. v Greenway USA, LLC (2021 NY Slip Op 00528)





Mt. Hawley Ins. Co. v Greenway USA, LLC


2021 NY Slip Op 00528


Decided on February 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 02, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 157211/18 Appeal No. 13003 Case No. 2019-04707 

[*1]Mt. Hawley Insurance Company, Plaintiff-Respondent,
v
Greenway USA, LLC, Defendant-Appellant.


Tesser & Cohen, New York (Steven Cohen of counsel), for appellant.
Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, New York (Morgan S. Grossman of counsel), for respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered October 15, 2019, which granted plaintiff's motion for summary judgment on its claim for an unpaid policy premium, unanimously affirmed, with costs.
Plaintiff established prima facie that it was entitled to the subject unpaid policy premium by submitting the insurance policy, the audit summary statement, and an affidavit by its corporate counsel, which showed that, pursuant to an audit conducted after the policy period ended, in accordance with the terms of the policy, defendant owed the amount sought (see e.g. Burlington Ins. Co. v Pinnacle Demolition & Envtl. Servs. Corp., 176 AD3d 1026, 1027 [2d Dept 2019]).
In opposition, defendant failed to raise an issue of fact as to as whether its gross revenue, the basis for determining its premium, was calculated incorrectly because, contrary to the language of the policy, it included revenue attributable to work that defendant performed as a construction manager as well as work that it performed as a contractor. The policy unambiguously includes revenue attributable to defendant's work as a construction manager (see Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 321 [2017]). The policy defines the insured's work as "[w]ork or operations performed by you or on your behalf" and "Gross Revenue" as "all work performed, let or sublet," including "fees" or "commissions made, paid or due." Moreover, one of the endorsements to the policy defines "Contractor" as "any person or entity that any insured hires or contracts with for the performance of any work for construction, renovations, maintenance, . . . or repairs . . . regardless of whether such person or entity is described as a contractor, construction manager, or subcontractor, or by any other term" (see Gap, Inc. v Fireman's Fund Ins. Co., 11 AD3d 108, 111 [1st Dept 2004] [the policy must be examined "as an integrated whole to determine its purpose and effect and the apparent intent of the parties"]). It is uncontested that defendant entered into a contract with the general contractor, thereby hiring it, and we see no basis in the language of the policy for deducting the costs associated with the general contractor and the subcontractors from defendant's gross revenues for the purpose of determining the premium.
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2021