CGreen, LLC v Quantum Impact Steel, LLC (2024 NY Slip Op 05524)

CGreen, LLC v Quantum Impact Steel, LLC

2024 NY Slip Op 05524

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

CV-23-1579
[*1]CGreen, LLC, Appellant,
v
Quantum Impact Steel, LLC, Defendant, and Next First Insurance Agency, Inc., Respondent.

Calendar Date:September 6, 2024

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and Powers, JJ.

Coughlin & Gerhart, LLP, Binghamton (Alan J. Pope of counsel), for appellant.
Cullen and Dykman LLP, Albany (Christopher E. Buckey of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Christopher P. Baker, J.), entered July 25, 2023 in Chemung County, which granted a motion by defendant Next First Insurance Agency, Inc. to dismiss the complaint against it.
Plaintiff, a subcontractor, was named as an additional insured and certificate holder on a commercial general liability insurance policy issued by defendant Next First Insurance Agency, Inc. to the insured, defendant Quantum Impact Steel, LLC, a sub-subcontractor engaged to erect and install a pre-engineered metal building. One of the partially constructed metal buildings built by Quantum collapsed, causing significant damage. In October 2022, plaintiff notified Next First of the collapse but received no response.
In December 2022, plaintiff commenced the present action against both Quantum and Next First, alleging, as relevant here, a third cause of action directly against Next First. This single cause of action seeks a declaration that Next First is in breach of the policy and that it be ordered to pay the policy amount to plaintiff. Next First moved pre-answer for dismissal of this cause of action on the grounds of documentary evidence, lack of capacity to sue and failure to state a cause of action (see CPLR 3211 [a] [1], [3], [7]). Supreme Court granted Next First's motion dismissing this cause of action and thus the complaint against it, and plaintiff appeals.
We affirm. "When presented with a motion to dismiss under CPLR 3211, we must accept the facts alleged in the complaint as true and accord the nonmoving party the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Singe v Bates Troy, Inc., 206 AD3d 1528, 1530 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Hilgreen v Pollard Excavating, Inc., 210 AD3d 1344, 1346 [3d Dept 2022]). "A motion to dismiss on the ground that the action is barred by documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (New York Mun. Power Agency v Town of Massena, 188 AD3d 1517, 1518 [3d Dept 2020] [internal quotation marks, ellipsis, brackets and citations omitted]; accord Bennett v Bennett, 223 AD3d 1013, 1017 [3d Dept 2024]). "To qualify as documentary evidence, the evidence must be unambiguous and of undisputed authenticity and must resolve all factual issues as a matter of law" (see Bennett v Bennett, 223 AD3d at 1017 [internal quotation marks and citations omitted]).
In support of its motion, Next First submitted the commercial general liability policy, together with the additional insured endorsements and the certificate of insurance. The authenticity of the policy and endorsements are undisputed and, as such, constitute documentary evidence for purposes of CPLR 3211 (a) (1) (see Calhoun v Midrox Ins. Co., 165 AD3d 1450, 1451 [3d Dept [*2]2018]). The policy provides that "we will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies" (emphasis added). Thus, the policy expressly limits Next First's liability to those sums that plaintiff has become legally obligated to pay. Here, the complaint lacks any allegation that plaintiff has been found legally obligated to pay any damages. Furthermore, contrary to plaintiff's contention, its status as an additional insured does nothing to expand the extent of Next First's coverage beyond damages owed by plaintiff by way of judgment or settlement (see SUS, Inc. v St. Paul Travelers Group, 75 AD3d 740, 743-744 [3d Dept 2010]; 87-10 51st Ave. Owners Corp. v Steadfast Ins. Co., 39 AD3d 700, 701 [2d Dept 2007]; Gap, Inc. v Fireman's Fund Ins. Co., 11 AD3d 108, 111 [1st Dept 2004]). Nor are we convinced by plaintiff's unsupported contention that its status as a certificate holder grants plaintiff any elevated status, or obligates Next First to provide coverage at this stage of the litigation, particularly where, as here, the certificate expressly states that it is issued as a matter of information only and confers no rights upon the certificate holder (see County of Erie v Gateway-Longview, Inc., 193 AD3d 1336, 1337-1338 [4th Dept 2021]; Landsman Dev. Corp. v RLI Ins. Co., 149 AD3d 1489, 1490 [4th Dept 2017]).[FN1]
Although plaintiff advises that several actions pertaining to this matter are currently pending against it, an injured claimant has a direct cause of action against an insurer only after that party first obtains a judgment against the insured and it remains unsatisfied for 30 days (see Insurance Law § 3420 [a] [2]). It is undisputed that plaintiff — the insured — is not now the subject of any such judgment or settlement. As a result, it has failed to fulfill the condition precedent to a direct suit against Next First. Accordingly, plaintiff cannot utilize this limited statutory cause of action (see Lang v Hanover Ins. Co., 3 NY3d 350, 354 [2004]; Carr v Haas, 163 AD3d 1212, 1213-1214 [3d Dept 2018]; GM Broadcasting, Inc. v Cornelius Enters., LLC, 156 AD3d 1038, 1040 [3d Dept 2017]).
Next, plaintiff, citing Insurance Law § 3420 (d) (2), contends that Next First is precluded from denying insurance coverage based on its failure to disclaim. As an initial matter, it is well settled that if an insurer fails to disclaim coverage within a reasonable amount of time, it is precluded from disclaiming coverage based upon late notice (see Vermont Mut. Ins. Co., Inc. v Mowery Constr., Inc., 122 AD3d 974, 975 [3d Dept 2014]; Scott McLaughlin Truck & Equip. Sales, Inc. v Selective Ins. Co. of Am., 68 AD3d 1619, 1620 [3d Dept 2009]). As plaintiff concedes, this statutory provision pertains to death or bodily injury arising out of a motor vehicle accident or other type of accident occurring within this state. Plaintiff's third cause of action against Next [*3]First alleges property damage only; thus, this statute is inapplicable (see Barese v Erie & Niagara Ins. Assn., 224 AD3d 1174, 1179 [3d Dept 2024], lv denied 42 NY3d 903 [2024]). As the insurance policy disposes of plaintiff's third cause of action, Supreme Court properly granted Next First's motion dismissing the complaint as against it (see SUS, Inc. v St. Paul Travelers Group, 75 AD3d at 743-744; 87-10 51st Ave. Owners Corp. v Steadfast Ins. Co., 39 AD3d at 701; Gap, Inc. v Fireman's Fund Ins. Co., 11 AD3d at 111).
Garry, P.J., Egan Jr., Ceresia and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Plaintiff's contention that Next First must defend and indemnify it, raised for the first time on appeal, is not properly before us (see CPLR 5501 [a] [3]; Barber v Crout-Woodard, 224 AD3d 966, 967 [3d Dept 2024]; Albany Eng'g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220, 1222 [3d Dept 2013]).