Itzhak v Briarwood Ins. Servs. Inc. (2026 NY Slip Op 00616)

Itzhak v Briarwood Ins. Servs. Inc.

2026 NY Slip Op 00616

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Index No. 651193/24|Appeal No. 5791|Case No. 2024-06530|

[*1]Erica T. Itzhak, Plaintiff-Respondent,
vBriarwood Insurance Services Inc., Defendant, Atlantic Casualty Insurance Co., Defendant-Appellant.

Marshall Conway Bradley & Gollub, P.C., New York (Christopher T. Bradley of counsel), for appellant.
Yitzhak Law Group, Great Neck (Erica T. Itzhak of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered September 24, 2024, which denied defendant Atlantic Casualty Insurance Co.'s motion to dismiss the complaint as against it pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that her cooperative unit suffered damage during a renovation. The body of the complaint does not identify who damaged the property, the relationship among plaintiff, defendant Atlantic, and defendant Briarwood Insurance Services, Inc., or whom Atlantic or Briarwood insured. Instead, plaintiff contends that she was named as additional insured on an accord certificate of liability insurance, which she attached to her complaint. The certificate identifies commercial general liability as the type of coverage.
Only those named as an insured or additional insured on an insurance policy are entitled to coverage (see Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co., 5 AD3d 198, 200 [1st Dept 2004]). As the party claiming coverage, plaintiff bears the burden of showing that the policy covers her (see Moleon v Kreisler Borg Florman Gen. Constr. Co., 304 AD2d 337, 339 [1st Dept 2003]).
Supreme Court should have granted Atlantic's motion to dismiss the complaint because plaintiff failed to plead facts showing that she was covered under the policy. The certificate of liability insurance is insufficient to prove that plaintiff was an additional insured because "[a] certificate of insurance is only evidence of a carrier's intent to provide coverage but is not a contract to insure the designated party nor is it conclusive proof, standing alone, that such a contract exists" (Tribeca, 5 AD3d at 200). Furthermore, the certificate contains a disclaimer stating that it was "issued as a matter of information only and confers no rights upon the certificate holder" (Moleon, 304 AD2d at 339).
Even if plaintiff were an additional insured, Atlantic would still be entitled to dismissal because the commercial general liability policy does not cover damage to property owned by the insured (see Gap, Inc. v Fireman's Fund Ins. Co., 11 AD3d 108, 111 [1st Dept 2004]). Rather, a commercial general liability policy offers only third-party coverage, typically resulting from a judgment or settlement against the insured (see id.; see also Great N. Ins. Co. v Mount Vernon Fire Ins. Co., 92 NY2d 682, 688 [1999]). In any event, plaintiff did not comply with the requirements of Insurance Law § 3420 (b) (1) (see Lang v Hanover Ins. Co., 3 NY3d 350, 354 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026